UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
BRIAN PFAIL,                                          **DOCKET NO.: CV-15-518**

                Plaintiff,

      -against-

                                                  **COMPLAINT**

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
JOSEPH MASSARO, in his individual and official capacity
POLICE OFFICER JONATHAN PANUTHOS,
in his individual and official capacity, POLICE OFFICER
KAREN C. O'BRIEN, in her individual and
official capacity, SERGEANT THOMAS IANNUCCI
in his individual and official capacity, and JOHN DOES       **TRIAL BY JURY**
1-10 in their individual and official capacities,            **DEMANDED**

                Defendants.
--------------------------------------------------------------X

      **PLAINTIFF,** by and through his attorneys, The Law Offices of Frederick K. Brewington,

as and for his Complaint against the Defendants, respectfully sets forth:

### PRELIMINARY STATEMENT

      1.    This is a civil action for money damages against the COUNTY OF NASSAU,

NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER JOSEPH MASSARO, in his

individual and official capacity POLICE OFFICER JONATHAN PANUTHOS, in his individual and

official capacity, POLICE OFFICER KAREN C. O'BRIEN, in her individual and official capacity,

SERGEANT THOMAS IANNUCCI in his individual and official capacity, and JOHN DOES 1-10

in their individual and official capacities (hereinafter "POLICE OFFICERS"), for committing acts

under color of law and depriving plaintiff of rights secured by the Constitution and laws of the

United States.

2.    Plaintiff alleges that Defendant POLICE OFFICERS assaulted, battered, used excessive/unreasonable force, falsely accused, falsely arrested, falsely imprisoned, and maliciously prosecuted BRIAN PFAIL all in violation of his constitutional and civil rights all in violation of 42 U.S.C. §1983, 42 U.S.C. §§12131-12134 (Title II of the Americans with Disabilities Act [ADA]), Section 504 of the Rehabilitation Act and related State laws as stated herein.

3.    Plaintiff alleges that Defendant COUNTY OF NASSAU was negligent in training, hiring and supervising Defendant officers, thus leading to the unjustified excessive force, assault, false arrest, false imprisonment and malicious prosecution of BRIAN PFAIL. Plaintiff alleges that the arrest was made in an attempt to justify the flagrantly improper and unjustified conduct of Defendant Police Officers.

4.    Defendant Police officers without probable cause, justification or any reason except an intent to deprive Plaintiff of his rights, and their knowledge that their conduct has the tacit authorization of COUNTY OF NASSAU, Plaintiff alleges that the Defendants (collectively and individually) used excessive force against Plaintiff and were grossly negligent in their handling of Plaintiff while in custody, and in their failure to provide medical assistance to injured Plaintiff. Furthermore, the defendants knew of Plaintiff's physical condition- having just sustained a brutal beating- and did nothing to provide him with prompt medical attention for his pain, suffering, and injuries. Said use of unjustified force on Plaintiff deprived him of his civil and constitutional rights.

5.    Plaintiff alleges that COUNTY OF NASSAU is liable for the assault, battery, excessive force, false arrest, and false imprisonment because the COUNTY OF NASSAU has abused, condoned and permitted a pattern of abuse of process and has failed to properly investigate

2

such incidents and discipline the officers involved with the result that police officers of the COUNTY OF NASSAU are encouraged to believe that they could violate the rights of persons such as the plaintiff with impunity and that the Nassau County Police Department has and continues to act in violation of individual rights, constituting through their actions a policy.

6.     As a result of the Defendants' actions (or lack thereof), Plaintiff suffered physical pain and suffering, was caused to undergo medical treatment for serious physical injuries that he sustained at the hands of Defendants as a result of their use of excessive force and failure to provide medical attention to Plaintiff. Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to: substantial legal fees, medical bills, lost income, loss of employment, loss of potential employment, serious physical injuries, and other cost/expenses.

## JURISDICTION AND VENUE

7.     This action is brought pursuant to 42 U.S.C. §1983, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 12131-12134 (Title II of the Americans with Disabilities Act [ADA]) and Section 504 of the Rehabilitation Act. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes pendent jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide any and all claims arising under State law.

8.     Prior hereto and within the proper time allotted, Plaintiff filed a *Notice of Claim* in compliance with General Municipal law § 50 et. seq. and CPLR § 215 as against each municipal Defendant. More than 30 days have elapsed and Defendants have failed and refused to pay or adjust same.

9.     Venue for this action is the Eastern District of New York based on where the actions

3

complained of herein occurred.

## PARTIES

10.     Plaintiff BRIAN PFAIL is and was at all times relevant herein a citizen of the United States.

11.     That Defendant the COUNTY OF NASSAU (hereinafter referred to as "COUNTY") was and is a duly constituted municipal corporation of the State of New York existing and operating under and by the virtue of the laws of the State of New York.

12.     Defendant NASSAU COUNTY POLICE DEPARTMENT (hereinafter "POLICE DEPARTMENT") is an agency of NASSAU COUNTY.

13.     That DEFENDANTS, POLICE OFFICER JOSEPH MASSARO, in his individual and official capacity POLICE OFFICER JONATHAN PANUTHOS, in his individual and official capacity, POLICE OFFICER KAREN C. O'BRIEN, in her individual and official capacity, SERGEANT THOMAS IANNUCCI in his individual and official capacity, and JOHN DOES 1-10 in their individual and official capacities (hereinafter referred to as "DEFENDANT OFFICERS"), were at all times herein mentioned police officers, employed by the COUNTY OF NASSAU under the direction of Defendants, the DEFENDANT OFFICERS were acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the COUNTY OF NASSAU.

14.     Upon information and belief, that all times hereinafter mentioned and at the time of the commencement of this action, the DEFENDANT OFFICERS were and are citizens and residents of the State of New York.

4

15.     That Defendant COUNTY was and is the employer of members of the Nassau County Police Department.

16.     That DEFENDANT OFFICERS were employees of Defendants, COUNTY, on November 3, 2014.

17.     That on November 3, 2014, DEFENDANT OFFICERS were Nassau County police officers employed by defendant COUNTY and acted as agents of Defendant COUNTY.

18.     During all times mentioned in this Complaint, each of the Defendants were acting under color of law, to wit, under color of Constitution, statutes, ordinances, laws, rules, regulations, policies, customs, and usages of the State of New York and/or County of Nassau.

19.     During all times mentioned in this Complaint, each of the Defendants were acting separately and in concert, engaged in acts and omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, the Defendants had no justification or excuse in law; the acts were instead gratuitous, illegal, improper and unrelated to any activity in which correction officers  may appropriately and legally engage in the course of protecting persons, detainees, inmates, prisoners, property, or ensure civil order.

20.     During all times mentioned in this Complaint, Defendants had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff; each of the Defendants failed and refused to perform that duty and failed and refused restraint the other Defendants, thereby becoming a party and acting in concert to harm and bring about the injuries inflicted upon  the Plaintiff.

21.     During all times mentioned in this Complaint, Defendants had the power and  the duty

5

to conduct a full and fair investigation of the DEFENDANT OFFICERS. The Defendants failed to timely and sufficiently investigate the actions of the DEFENDANT OFFICERS and treat plaintiff for injuries sustained as stated herein.

## FACTUAL BACKGROUND

22. On November 3, 2014 and currently, BRIAN PFAIL, was a young man who has suffered from physical impairment and disability and mental infirmity since 2007, of which there was notice and a clear record, that substantially limits his life activities. On or before November 3, 2014, and upon information and belief since, April 2007 Plaintiff was suffering from the severe impairment of a traumatic brain injury. Plaintiff's condition was exacerbated and magnified by the actions of the Defendants in this case.

23. Before coming in contact with Defendant Officers and after, the severity of PLAINTIFF's impairment meets the criteria of Section12.04 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 404.1525). The current severity of Plaintiff's impairment includes Traumatic Brain Injury, Mood Disorder, Major Depressive Disorder (Severe with Psychotic Features), Post Traumatic Stress Disorder, Impulse-Control Disorder, Post Concussion Syndrome, Shoulder Dislocation, Epilepsy, Petit Mal Status, Osteomyelitis in the Sholder which causes marked restrictions in activities of daily living, marked difficulties in maintaining social functioning, and marked difficulties in maintaining concentration.

24. Plaintiff was born on September 25, 1989. When Plaintiff was seventeen years of age he was brutally assaulted in the Roosevelt Field Mall parking lot by a group of young men causing him serious injuries, including but not limited to a traumatic brain injury. This vicious crime was reported to the Nassau County Police, specifically, the Third Precinct who allegedly conducted an

investigation which led to no arrests or convictions.

25.     The injuries, which included a frontal lobe injury, seriously altered Plaintiff's quality of life and daily existence, all leaving him with depression, seizures, Post Traumatic Distress Syndrome, anxiety and fear. Plaintiff has been in and out of different hospitals for some nine years because of these injuries. Plaintiff was making good progress to address his disabilities and was stable and was under going treatment that was helping his depression.

26.     Plaintiff was graduated from the Chaminade High School in Mineola, New York in 2007 and has attempted to continue his education and was taking classes at Adelphi University in September of 2012. Plaintiff's injury resulted in him being treated in the Northeast Center for Special Care in Kingston, New York for approximately ten months from about November 2013 to September 2014. As part of his progress, Plaintiff was enrolled and planning to attend the Fordham University in the Spring of 2015. That did not occur.

27.     On November 3, 2014, after not socializing for a long period of time and working hard to recover some parts of his young life, Plaintiff was visited by a friend at his home.

28.     After spending some time together, Plaintiff and his friend went to eat at the Buffalo Wild Wings restaurant in Westbury, New York. This was Plaintiff's first social outing with a friend since he was discharged from the Northeast Center for Special Care.

29.     A dispute arose about the Plaintiff not being served and Plaintiff left the restaurant in an attempt to avoid further confrontation. At the time of his exiting the establishment, Plaintiff was informed that the door to the store was damaged.

30.     Plaintiff then left and began to peacefully stand outside of the Fairway Market located at 1258 Corporate Drive, Westbury, NY.

31.     As Plaintiff stood outside the Fairway Market several people in plain cloths appeared and emerged from a black SUV and without identifying themselves began to approach Plaintiff at a hurried pace. Not knowing who these men were, Plaintiff, in fear for his life attempted to retreat to a place of safety and entered the vestibule of the Fairway Market.

32.     The approaching people ran at Plaintiff, initiated contact with him by tackling him and violently throwing Plaintiff to the ground. The people, who turned out to be the Defendant Police Officers from the Third Precinct, named herein, POLICE OFFICER JOSEPH MASSARO, POLICE OFFICER JONATHAN PANUTHOS, POLICE OFFICER KAREN C. O'BRIEN, SERGEANT THOMAS IANNUCCI and JOHN DOES 1-10 began to beat, knee, kick and use other types of force against Plaintiff causing him bleed profusely as he lay on the floor of the entrance into the Fairway Market. Defendant Officers engaged in what was clearly a gang assault.

33.     Plaintiff was serious injured by the brutality visited upon him by the Defendant Officers on November 3, 2014, such so that his conditions were worsened and new injuries were caused including a further traumatic brain injury which required him to be hospitalized and receive further necessary treatment.

34.     There was no good faith reason, rationale, reasonable basis or legal justification for Plaintiff to be forcefully seized, tackled, beaten, abused, or treated in the fashion that he was treated by Defendant Officers.

35.     In an attempt to coverup their wrongful acts taken against Plaintiff, Defendants, including but not limited to POLICE OFFICER JOSEPH MASSARO, POLICE OFFICER JONATHAN PANUTHOS, POLICE OFFICER KAREN C. O'BRIEN, SERGEANT THOMAS IANNUCCI and JOHN DOES 1-10 have falsely charged Plaintiff with crimes that he did not commit

8

and accused him of acts that he did not engage in.

36.     The charges which have been filed against Plaintiff in the County Court of Nassau County, for which he is being maliciously prosecuted include several counts of Felony Assault, Resisting Arrest, Criminal Mischief, and other alleged crimes.

37.     Plaintiff was held and is currently not detained in the jail upon him having posted a bond to satisfy the bail that was set.

38.     At no time during the attack on Plaintiff by DEFENDANT OFFICERS did Plaintiff resist or provide any form of force or resistance against any police officers that were attacking him. In addition, at no time prior to the beating and use of force against Plaintiff did the Defendant Officers identify themselves.

39.     Upon information and belief, while hitting and kicking Plaintiff, DEFENDANT OFFICERS made light of their brutality leveled against Plaintiff. During the beating, DEFENDANT OFFICERS engaged in acts of violence intending to seriously injure or mame Plaintiff.

40.     Plaintiff was kicked, punched or otherwise struck multiple times without regard for the permanent nature of injuries that DEFENDANT OFFICERS knew or should have known they were causing. Plaintiff was beaten and struck like a punching bag by DEFENDANT OFFICERS.

41.     DEFENDANT OFFICERS beat Plaintiff  their fists and flashlights and repeatedly slammed Plaintiff's head into the ground while he was face down and rendered him unconscious.

42.     DEFENDANT OFFICERS never attempted to interview Plaintiff, never identified themselves, never showed Plaintiff badges, never advised Plaintiff of any of his rights.  Plaintiff had cuffs tightly placed on his hands and instead of being treated at the point and place of the brutal beating was picked up and transported to an ambulance that was eventually called to the scene.

9

During the time Plaintiff was being led to the ambulance he was repeatedly attacked by DEFENDANT OFFICERS. As a result, Plaintiff was cut, bruised, subjected to another brain injury, exacerbation of existing conditions and re-injury to the level of forcing Plaintiffs physical and mental condition to regress and worsen on all levels.

43.     DEFENDANT OFFICERS with great force picked Plaintiff up causing him harm and pain. Plaintiff wanted to go to a hospital. After initially refusing to do so, DEFENDANT OFFICERS placed Plaintiff in an ambulance.

44.     As a result of the DEFENDANT OFFICERS continued to use force on Plaintiff, Plaintiff suffered and endured the excruciating pain associated with his injuries, while still being detained, handcuffed and in the custody of the DEFENDANT POLICE OFFICERS, while in the back of the ambulance.

45.     Upon information and belief one or more of the DEFENDANT OFFICERS who assaulted Plaintiff was with Plaintiff while he was being treated at the hospital to which he was eventually taken.

46.     Plaintiff says that he now fears police and did not before. Plaintiff now understands why people fear the police.

47.     On said date, although the Plaintiff had committed no crime or broken any law for which he was charged, exhibited no assaultive behavior, nor made any threatening gestures towards DEFENDANT OFFICERS, said officers engaged in the aforementioned prohibited conduct all in violation of the Plaintiff's constitutionally protected rights.

48.     DEFENDANT OFFICERS conspired and concocted the trumped up allegations of wrongdoing on the part of Plaintiff, wherein they accused Plaintiff of resisting arrest and obstructing

governmental administration.

49.     DEFENDANT OFFICERS detained and arrested the Plaintiff, although no probable cause existed for said arrest.

50.     DEFENDANT OFFICERS, with no provocation, forcefully thrown to the ground handcuffed and brutally beat Plaintiff with their hands, feet and fists as well flashlights, causing severe physical and emotional injuries to Plaintiff's person.

### AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983
### FALSE ARREST, MALICIOUS PROSECUTION, ABUSE OF PROCESS, UNREASONABLE AND EXCESSIVE USE OF FORCE

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 50 of this Complaint with the same force and effect as though fully set forth herein.

52.     On or about November 3, 2014, Plaintiff was placed in fear of his life, falsely seized, falsely detained and falsely arrested by defendants and subject to excessive and unreasonable force and unlawful search and seizure.

53.     On or about November 3, 2014, Plaintiff was placed in fear of his life, falsely arrested, falsely seized, detained, and held for an unreasonable period of time against his will without justification, explanation or rationale for such detention.

54.     On or about November 3, 2014, while being detained, Plaintiff was subject to excessive and unreasonable force, which was demeaning in nature.

55.     On or about November 3, 2014, while being detained Plaintiff, DEFENDANT OFFICERS pulled Plaintiff's hair, subjected him to chemical spray in the face, and in his head wound, which they had caused.

11

56.     On or about November 3, 2014, while being detained Plaintiff, DEFENDANT

OFFICERS kicked, punch and slammed his Plaintiff on the ground. As a result of the DEFENDANT

OFFICERS' actions Plaintiff suffered and continues to suffer from a broken rib, a bruised lung, a

bruised kidney, a chipped vertebrae in his neck and needed 8 stitched and 10 staples in his head for

his other injuries.

57.     Upon information and belief such seizure, arrest and detention was ordered and was

carried out by DEFENDANT COUNTY and DEFENDANT OFFICERS. The false criminal charges

leveled against Plaintiff are still pending against Plaintiff at the time of the filing of this Complaint.

58.     DEFENDANT OFFICERS from Nassau County Police Department, were present in

or around Fairway Market and participated in the unlawful detention, arrest, and beating of Plaintiff.

59.     DEFENDANT OFFICERS from the Nassau County Police Department failed to take

any action to prevent this unlawful behavior by the DEFENDANT OFFICERS.

60.     Upon information and belief, such seizure, arrest, detention, and assault was ordered,

condoned and authorized  by  COUNTY DEFENDANT and DEFENDANT OFFICERS, with a

callous, deliberate indifference to Plaintiff's known constitutional rights.

61.     Upon information and belief, the each DEFENDANT OFFICER took an active role

in creating and manufacturing the allegations made against Plaintiff in an intentional attempt to mask

and coverup their wrongful actions and abuses of Plaintiff. DFENDANT OFFICERS have abused

the Legal system and process for their own benefit and self interest.   They have maliciously

prosecuted Plaintiff and each of the DEFENDANT OFFICERS have taken steps to support, foster

and assist in the prosecution and forward progress of the prosecution and charges against Plaintiff.

62.     As part of the false arrest, detention, and accusations, DEFENDANT OFFICERS

caused plaintiff to be seized, arrested, and held in a dangerous, compromising position for an unreasonable time without, probable cause and caused him to be deprived of his liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

63.     The DEFENDANT OFFICERS individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that they were not in possession of any evidence consistent with and sufficient to establish his guilt and were based solely, or in part, on DEFENDANTS' disregard and discriminatory and violative actions due in part or in whole to his disability.

64.     Each of the Defendants acting under color of law, acted separately and in concert and without authorization of law. Each of the Defendants, separately and in concert with each other, acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from excessive force, illegal seizure of his person, freedom from illegal detention, and imprisonment and free from the abuse of process and malicious prosecution as has been and is being engaged in by the Defendants. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment, as well as the Equal Protection clause of the Fourteenth Amendment and by 42 U.S.C. § 1983.

65.     In falsely arresting, falsely imprisoning, abusing the process, abusing, detaining, prosecuting, coercing, threatening, intimidating and interrogating Plaintiff, and denying Plaintiff his right to be free from unreasonable search and seizure from the Defendants. Each DEFENDANT OFFICER knew or should have known they were violating laws of the State of New York and those statutory and constitutional rights set forth herein causing harm to Plaintiff.

13

66.     As a direct and proximate result of the aforesaid acts of the DEFENDANTS, Plaintiff suffered great physical harm, mental anguish and violations of rights from then until now and he will continue to so suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

67.     Plaintiff was forced and continues to incur great expense due to the defense of multiple false criminal charges, filing of this complaint, medical treatment, for attorney's fees, investigation expenses, and other expenses in addressing the multiple wrongful and abusive acts by the DEFENDANTS, which have been a serious burden on Plaintiff.

68.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers significant emotional damages, distress, pain, suffering, loss of self esteem, self doubt and has been exposed to disgrace, public humiliation and embarrassment, loss of educational opportunities, was deprived of access to his family, was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

## AND AS FOR A SECOND COUNT
## 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

69.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 68 of this Complaint with the same force and effect as though fully set forth herein.

70.     The vicious beating, abuses due to mental illness, denial of medical treatment and care, and other wrongful acts taken by and on behalf of Defendants COUNTY which constituted unreasonable and excessive force by Police Officers, as well as abuse of process. Such actions were negligent, reckless, careless, unreasonable and unauthorized, as Defendants has a duty not to subject Plaintiff to abuse, battery, and excessive force, but failed to prevent same and breached their duty.

14

This punishment was in violation of the rights promised to PLAINTIFF under 4th, 5th, and 14th Amendments to the United States Constitution.

71.    As a consequences of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, PLAINTIFF was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

72.    Municipalities have a duty to protect those held in custody, but prior to November 3, 2014, and since, the COUNTY has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal unreasonable and illegal uses of force and beatings against detainees, denial of care, access to medical treatment, denial of medication, and other ongoing violations by officers of the COUNTY,and NASSAU COUNTY POLICE DEPARTMENT and other local police departments within the COUNTY.  Such beatings and illegal use of force were improper, and the officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings and use of force were justified and proper, thereby illustrating, suggesting, inferring, and implying municipal supervisors' acquiescence in the unconstitutional behavior of subordinate correction officers.  As a result, DEFENDANT OFFICERS within their jurisdiction were caused and encouraged to believe that individuals could be beaten or abused under circumstances not requiring the use of excessive force, and that such beatings would in fact be permitted by the COUNTY. Further, as a result of the violent beatings and illegal use of force by Defendants, municipal liability is inferred. Such violent and illegal acts by Defendants imply an official policy encouraging and/or condoning the use of such force.

73.     In addition to permitting a pattern and practice of improper beatings and abuses of individuals    in Nassau County, Defendants COUNTY, NASSAU COUNTY POLICE DEPARTMENT, and POLICE OFFICER Defendants have failed to maintain a proper system of investigation of all incidents of unjustified beatings, shootings, and excessive use of force by police officers.

74.     The COUNTY has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully, beat, use excessive force, and abuse persons in their custody and control. The COUNTY has failed to find that civilian arrestee complaints made against police officers are founded or valid in anyway, therefore the COUNTY is liable under 42 U.S.C. § 1983 because the COUNTY has had actual and/or constructive knowledge of the patterns of abuse and excessive force against persons in their custody by its police officers, employees, and/or agents in violation of the United States Constitution, and because of Defendants COUNTY, NASSAU COUNTY POLICE DEPARTMENT, and DEFENDANT POLICE OFFICERS un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their patterns of physical abuse, excessive force, and discriminatory legal enforcement, all in violation of the Plaintiffs rights.

75.     As a consequence of DEFENDANTS' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, Plaintiff was deprived of his freedom, was injured, was subjected to unlawful search and seizure, was subjected to mental anguish, suffered great fear, embarrassment, personal, humiliation, and degradation. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendment; the Equal Protection clause and the Fourth Amendment to the United States Constitution as well as the protections afforded under 42 U.S.C. § 1983.

76.    The Defendants COUNTY, NASSAU COUNTY POLICE  DEPARTMENT, and

DEFENDANT POLICE OFFICERS  have maintained a system of review of unjustified beatings,

and excessive use of force by police officers that has failed to identify the improper brutality by

police officers and failed to subject officers who beat and/or brutalized citizens to discipline, closer

supervision, retraining, or restraint, to the extent that it has become the custom of the COUNTY to

tolerate the improper beatings and other wrongful actions by DEFENDANT OFFICERS.

77.    Further, the COUNTY, who maintains either supervisory and/or decision-making

responsibility, permitted a practice of improper investigation, supervision, discipline and hiring of

DEFENDANT OFFICERS. The actions of DEFENDANT OFFICERS have evidenced a failure to

train or supervise properly. Such failure by supervisors has amounted to gross negligence on the part

of police officers, and the COUNTY.  Defendant COUNTY  also refused and failed to prosecute the

Defendant officers thereby improperly and in violation of the Plaintiffs rights, neglected, failed,

and/or delayed in administering an investigation of the circumstances surrounding the instant matter

and neglected, failed, and/or delayed in charging any wrong doers.

78.    Upon information and belief, specific systemic flaws in the COUNTY brutality

review process include, but are not limited to, the following:

    a.    Preparing reports regarding investigations of beatings incidents as routine
    point-by-point justifications of correction officer actions, regardless of whether such
    actions are justified;

    b.    Police officers investigating beatings systemically fail to credit testimony by
    non-officer witnesses, and uncritically rely on reports by police officers involved in the
    incident;

    c.    Police officers investigating beatings fail to include in their reports relevant
    factual information which would tend to contradict the statements of the police
    officers involved;

    d.    Supervisory Police officers at times issue public statements exonerating
    correction officers for excessive use of force, improper beatings, and use of

17

unnecessary and excessive force before the investigation of the incident by the corrections facility has been completed;

e.      Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

79.      The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants COUNTY, NASSAU COUNTY POLICE DEPARTMENT, and DEFENDANT POLICE OFFICERS caused the Defendant Officers to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

80.      As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendants COUNTY, NASSAU COUNTY POLICE DEPARTMENT, and DEFENDANT POLICE OFFICERS unjustifiably beat and brutalized Plaintiff, all in violation of his civil and constitutional rights, and Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants. This is an ongoing pattern of behavior adopted and condoned by Defendants COUNTY, NASSAU COUNTY POLICE DEPARTMENT, and DEFENDANT POLICE OFFICERS

81.      Defendant COUNTY was reckless, careless, intentional, negligent, and/or deliberately indifferent in the training, hiring, administration, discipline and supervision of the police officers, including Defendant Officers, with respect to the use of force against detainees, inmates, prisoners, and mentally ill and disabled persons, the denial of medical resources, treatment, medication and relief from illnesses, abusing and bringing of charges against mentally ill, impaired and disabled persons, and the recognition and preservation of the civil and constitutional rights of impaired and

18

disabled persons.

82.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt and exposed him to disgrace, public humiliation and embarrassment, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

## AND AS FOR A THIRD COUNT
## 42 U.S.C. §§ 12131-12134, TITLE II OF THE AMERICAN WITH DISABILITIES ACT (ADA) AND SECTION 504 OF THE REHABILITATION ACT

83.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 82 of this Complaint with the same force and effect as though fully set forth herein.

84.     PLAINTIFF is, as set forth herein,  a person with a disability as defined under 504 of the Rehabilitation Act and 42 U.S.C. §§ 12131-12134, Title II of the American with Disabilities Act (ADA).

85.     PLAINTIFF was denied the benefits of the services, programs, or activities of Defendants COUNTY and NASSAU COUNTY POLICE DEPARTMENT and was subjected to discrimination by Defendants due to and on account of his disability.

86.     PLAINTIFF was allowed to be beaten, placed in hand cuffs, taken into custody, denied medical care and treatment, abused physically and verbally, deprived of his rights and other benefits, threatened and otherwise denied the normal conditions to which he was entitled due to and on account of his disability.

87.     PLAINTIFF was qualified to participate in or receive the benefit of all of his rights and treatment as a person with disabilities including but not limited to being free from summary beatings, not being placed abused and targeted due to conditions, not being denied medical care and

treatment, not being abused physically and verbally, not deprived of civil rights and benefits, not threatened and not otherwise denied the normal benefits due to his disability and not being subjected to improper and differential treatment and/or discriminated against because of his disability.

88.     Defendants COUNTY and NASSAU COUNTY POLICE DEPARTMENT receives Federal financial assistance.

89.     That the false arrest, false imprisonment, excessive force and violation of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of DEFENDANTS and that the same were a clear and intentional abuse of process causing Plaintiff damages.

90.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt  and  exposed him to disgrace, public humiliation and embarrassment, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

### AND AS FOR A FOURTH COUNT
### ASSAULT and BATTERY (PENDENT STATE CLAIM)

91.     That Plaintiff,  repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 90 of this Complaint, with the same force and effect as though fully set forth herein.

92.     During all times mentioned herein, the DEFENDANTS engaged in the illegal conduct herein mentioned to the injury of Plaintiff BRIAN PFAIL and deprived Plaintiff BRIAN PFAIL of the rights, privileges and  immunities secured to Plaintiff by the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and the laws of the State of New York, as pendent claims.

93.     That on said date DEFENDANT OFFICERS accosted Plaintiff and brutally assaulted him without any justification, provocation or assaultive gestures on Plaintiff's part and despite the fact that the Plaintiff BRIAN PFAIL had committed no crime or broken any law, that he was charged with, DEFENDANT OFFICERS detained and arrested Plaintiff with no probable cause.

94.     The DEFENDANT OFFICERS visited unwanted, offensive and harmful physical contact upon the Plaintiff, with the intention of causing harm to Plaintiff.

95.     DEFENDANT OFFICERS, did cause physical injuries and harm to Plaintiff by punching and hitting him, kicking him, knocking him to the ground, and otherwise assaulting him with their hands, feet and flashlights.

96.     The Plaintiff did not in any way provoke or instigate such attacks, and did not create any threat of harm to the DEFENDANT OFFICERS.

97.     Although DEFENDANT OFFICERS acted contrary to the law, they continued their shocking and unjustified conduct by conspiring and contriving with each other on said criminal charges against Plaintiff and they placed Plaintiff in custody.

98.     Upon information and belief, said physical abuse and punishment were ordered by, carried out by, and condoned by DEFENDANT COUNTY its agents and employees, who were acting within the course or scope of their employment.

99.     That as a result of said beatings, kicking, punches and beating with flashlights, the Plaintiff BRIAN PFAIL sustained damages and injuries, including but not limited to, personal injuries to his body, violation of civil rights, loss of income, permanent damage to reputation and standing in the community, loss of comfort, support and companionship, extreme mental and emotional harm and stress, impairment of earning power, loss of education and other injuries not yet fully ascertained.

100.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt  and  exposed him to disgrace, public humiliation and embarrassment, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

## AND AS FOR A FIFTH COUNT
## FALSE IMPRISONMENT (PENDENT STATE CLAIM)

101.     The Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 100 of this Complaint, with the same force and effect as though fully set forth herein.

102.     On or about the 3rd day of November, 2014 in the COUNTY OF NASSAU,  and DEFENDANT OFFICERS maliciously and deliberately, with force and arms, detained and arrested Plaintiff without any probable or reasonable cause and without any warrant or other legal process. Therefore and thereupon maliciously with wanton and reckless disregard for his life,  beat him and thereafter detained him for an unreasonable length of time against Plaintiff's will and without his consent.

103.     Plaintiff was detained for an unreasonable period of time as a result of said false arrest and false imprisonment.

104.     That DEFENDANTS engaged in the above mentioned actions without probable cause in that they did not honestly, reasonably and in good faith believe Plaintiff to be guilty of any crimes.

105.     Defendants acted maliciously in arresting, detaining, battering, assaulting, and transporting Plaintiff, all against his will in that the DEFENDANTS desired to harm Plaintiff.

106.     As a result of the foregoing, Plaintiff has suffered injury to his good name and reputation and has suffered great mental and bodily distress during his false imprisonment and afterwards, all to his damage.

107.    That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers extreme emotional damages, distress, pain, suffering, loss of self esteem, self doubt  and  exposed him to disgrace, public humiliation and embarrassment, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

## AND AS FOR A SIXTH COUNT
## FALSE ARREST (PENDENT STATE CLAIM)

108.    Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 107of this Complaint, with the same force and effect as though fully set forth herein.

109.    On or about the 3rd day of November 2014 in the COUNTY OF NASSAU, and DEFENDANT OFFICERS intentionally, falsely, unlawfully and wrongfully, with force and without Plaintiff's consent and against his will, assaulted, battered, falsely arrested and falsely imprisoned Plaintiff by detaining Plaintiff and imprisoning him, they deprived him of his liberty for an unreasonable time.

110.    By reason of the above and in particular said false arrest, Plaintiff's reputation has been greatly injured and he has been brought into public scandal and disgrace. Plaintiff has been greatly hindered and prevented from following and transacting his affairs and business and has suffered great emotional trauma and harm, all to his damage.

111.    That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers extreme emotional damages, physical damages, distress, pain, suffering, loss of self esteem, self doubt  and  exposed him to disgrace, public humiliation, deprived of educational opportunities, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

23

## AND AS FOR A SEVENTH COUNT
## ABUSE OF PROCESS (PENDENT STATE CLAIM)

112.    Plaintiff, repeats reiterates and realleges each and every allegation contained in paragraphs 1 through 111 of this Complaint, with the same force and effect as though fully set forth herein.

113.    DEFENDANTS' accusations and allegations against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to harass Plaintiff and were clearly the improper exercise of the police power, the resources of government, as well as an abuse of process.

114.    That the false arrest, false imprisonment, assault, battery, excessive and unreasonable use of force, illegal transportation, and violation of Plaintiff's civil rights were brought about and caused by the actions of DEFENDANTS and that the same were a clear and intentional abuse of process causing Plaintiff severe damage.

115.    That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt  and  exposed him to disgrace, public humiliation and embarrassment was prevented from attending his work, his education and business for a long time, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

## AND AS FOR AN EIGHTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (PENDENT STATE CLAIM)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 115 of this Complaint with the same force and effect as though fully set forth herein.

117.    The DEFENDANT COUNTY and DEFENDANT OFFICERS acted outrageously for their above-stated roles in the wrongful stop, detainment, false arrest, prolonged captivity, excessive and unreasonable of force intimidation and public humiliation of the Plaintiff, BRIAN PFAIL.

118.    Said emotional harm was exacerbated by the fabricated criminal charges against the Plaintiff, known by DEFENDANT COUNTY and DEFENDANT OFFICERS to be without basis, yet prosecuted  Plaintiff with the intention of causing extreme further harm and duress to Plaintiff BRIAN PFAIL.

119.    The Defendants knew that their conduct would cause severe and extreme emotional harm to Plaintiff.

120.    That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers extreme emotional damages, physical injury, distress, pain, suffering, loss of self esteem, self doubt and exposed him to disgrace, public humiliation and embarrassment was prevented from attending his work, his education, and business for a long time, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

## AND AS FOR A NINTH COUNT
### NEGLIGENCE (PENDENT STATE CLAIM)

121.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 120 of this Complaint with the same force and effect as though fully set forth herein.

122.    DEFENDANT COUNTY and DEFENDANT OFFICERS had a duty  to prevent and cease the wrongful detainment, false arrest, false imprisonment, malicious and false charging and prosecuting, as well as a duty to investigate, supervise and discipline DEFENDANT OFFICERS

and prevent other wrongful acts that were committed against Plaintiff BRIAN PFAIL.

123.     In actively inflicting harm and failing to prevent the above stated abuses incurred by BRIAN PFAIL, all of the DEFENDANTS acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure, detained custody and arrest without Miranda warnings, and other due process violations.

124.     The breach of by DEFENDANT COUNTY and DEFENDANT OFFICERSwas a direct and proximate cause of the harm suffered by Plaintiff BRIAN PFAIL.  Said harm includes emotional injuries, physical harm, pain and suffering, which continues to this day, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which he incurred.

125.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers extreme emotional damages, distress, pain, suffering, loss of self esteem, self doubt  and  exposed him to disgrace, public humiliation and embarrassment was prevented from attending his work and business for a long time, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.


**WHEREFORE,** the Plaintiff demands judgment against the DEFENDANTS:

   a)     On the First Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

   b)     On the Second Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

   c)     On the Third Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

d)   On the Fourth Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

e)   On the Fifth Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

f)   On the Sixth Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

g)   On the Seventh Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

h)   On the Eighth Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

i)   On the Ninth Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

j)   Punitive damages in the sum of TEN MILLION DOLLARS ($10,000,000.00);

k)   Declaratory Judgment that defendants wilfully violated Plaintiffs' rights secured by federal and state law as alleged herein;

l)   Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin DEFENDANTS from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws and the creation of a Nassau County Civilian Complaint Review Board to address the abuses by police on civilians;

m)   Award such other and further relief as this Court may deem appropriate, including costs and attorney's fees.

**A JURY TRIAL IS HEREBY DEMANDED**.

Dated: Hempstead, New York
      February 1, 2016

LAW OFFICES OF
FREDERICK K. BREWINGTON

By: _____
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, New York  11550
Tel: (516) 489-6959