UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
BRIAN PFAIL,                                                                            CV-16-0518 (JMA) (SIL)

                      Plaintiff,                                              ANSWER

      -   against   -

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
JOSEPH MASSARO, in his individual and
Official capacity, POLICE OFFICER JONATHAN
PANUTHOS, in his individual and official
Capacity, POLICE OFFICER KAREN C.
O'BRIEN, in her individual and official capacity,
SERGEANT THOMAS IANNUCCI, in his
Individual and official capacity, and JOHN DOES
1-10 in their individual and official capacities,

                      Defendants.
-------------------------------------------------------------------------X

        Defendants, County of Nassau, Nassau County Police Department, Police Officer Joseph Massaro, Police Officer Jonathan Panuthos, Police Officer Karen C. O'Brien and Sergeant Thomas Iannucci (hereinafter collectively referred to as the "Defendants"), by their attorney, Carnell T. Foskey, Nassau County Attorney, by Liora M. Ben-Sorek, Deputy County Attorney, Answer the Complaint upon information and belief as follows:

## AS AND FOR AN ANSWER TO "PRELIMINARY STATEMENT"

1. Deny the allegations contained in paragraph 1 of the Complaint.

2. Deny the allegations contained in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint.

4. Deny the allegations contained in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.

6. Deny the allegations contained in paragraph 6 of the Complaint.

### AS AND FOR AN ANSWER TO "JURISDICTION AND VENUE"

7. Deny the allegations contained in paragraph 7 of the Complaint and respectfully refer all questions of law to the Court.

8. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint except aver that a document purporting to be a notice of claim was received and respectfully refer all questions of law to the Court.

9. Deny the allegations contained in paragraph 9 of the Complaint and respectfully refer questions of law to the Court.

### AS AND FOR AN ANSWER TO "PARTIES"

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11. Admit that the County of Nassau is a municipal corporation operated and existing pursuant to the laws of the State of New York as alleged in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint except aver that the Nassau County Police Department is a department within the County of Nassau.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint and respectfully refer all questions of law to the Court.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint and respectfully refer all questions of law to the Court.

18. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint and respectfully refer all questions of law to the Court.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint and respectfully refer all questions of law to the Court.

21. Deny the allegations contained in paragraph 21 of the Complaint and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO "FACTUAL BACKGROUND"

22. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint except aver that Plaintiff was charged with criminal mischief, resisting arrest and several counts of assault.

37. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

### AS AND FOR AN ANSWER TO "AS AND FOR A FIRST COUNT 42 U.S.C § 1983 FALSE ARREST, MALICIOUS PROSECUTION, ABUSE OF PROCESS, UNREASONABLE AND EXCESSIVE USE OF FORCE"

51. Responding to paragraph 51 of the Complaint, Defendants repeat and reassert the responses contained in paragraphs 1 through 50 above as if the same were more fully set forth at length herein.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint except aver that Plaintiff was lawfully arrested on November 3, 2014.

58. Deny the allegations contained in paragraph 58 of the Complaint.

59. Deny the allegations contained in paragraph 59 of the Complaint.

60. Deny the allegations contained in paragraph 60 of the Complaint.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. Deny the allegations contained in paragraph 62 of the Complaint.

63. Deny the allegations contained in paragraph 63 of the Complaint.

64. Deny the allegations contained in paragraph 64 of the Complaint and respectfully refer all questions of law to the Court.

65. Deny the allegations contained in paragraph 65 of the Complaint.

66. Deny the allegations contained in paragraph 66 of the Complaint.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Deny the allegations contained in paragraph 68 of the Complaint.

### AS AND FOR AN ANSWER TO "AND AS FOR A SECOND COUNT 42 U.S.C. § 1983 – MUNICIPAL LIABILITY"

69. Responding to paragraph 69 of the Complaint, Defendants repeat and reassert the responses contained in paragraphs 1 through 68 above as if the same were more fully set forth at length herein.

70. Deny the allegations contained in paragraph 70 of the Complaint.

71. Deny the allegations contained in paragraph 71 of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. Deny the allegations contained in paragraph 74 of the Complaint.

75. Deny the allegations contained in paragraph 75 of the Complaint.

76. Deny the allegations contained in paragraph 76 of the Complaint.

77. Deny the allegations contained in paragraph 77 of the Complaint.

78. Deny the allegations contained in paragraph 78 of the Complaint.

79. Deny the allegations contained in paragraph 78.a of the Complaint.

80. Deny the allegations contained in paragraph 78.b of the Complaint.

81. Deny the allegations contained in paragraph 78.c of the Complaint.

82. Deny the allegations contained in paragraph 78.d of the Complaint.

83. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78.e of the Complaint.

84. Deny the allegations contained in paragraph 79 of the Complaint.

85. Deny the allegations contained in paragraph 80 of the Complaint.

86. Deny the allegations contained in paragraph 81 of the Complaint.

87. Deny the allegations contained in paragraph 82 of the Complaint.

### AS AND FOR AN ANSWER TO "AND AS FOR A THIRD COUNT 42 U.S.C. §§ 12131-12134, TITLE II OF THE AMERICAN WITH DISABILITIES ACT (ADA) AND SECTION 504 OF THE REHABILITATION ACT"

88. Responding to paragraph 83 of the Complaint, Defendants repeat and reassert the responses contained in paragraphs 1 through 87 above as if the same were more fully set forth at length herein.

89. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84 of the Complaint.

90. Deny the allegations contained in paragraph 85 of the Complaint.

91. Deny the allegations contained in paragraph 86 of the Complaint.

92. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 87 of the Complaint and respectfully refer all questions of law to the Court.

93. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 88 of the Complaint.

94. Deny the allegations contained in paragraph 89 of the Complaint.

95. Deny the allegations contained in paragraph 90 of the Complaint.

### AS AND FOR AN ANSWER TO "AND AS FOR A FOURTH COUNT ASSAULT and BATTERY (PENDENT STATE CLAIM)"

96. Responding to paragraph 91 of the Complaint, Defendants repeat and reassert the responses contained in paragraphs 1 through 95 above as if the same were more fully set forth at length herein.

97. Deny the allegations contained in paragraph 92 of the Complaint.

98. Deny the allegations contained in paragraph 93 of the Complaint.

99. Deny the allegations contained in paragraph 94 of the Complaint.

100. Deny the allegations contained in paragraph 95 of the Complaint.

101. Deny the allegations contained in paragraph 96 of the Complaint.

102. Deny the allegations contained in paragraph 97 of the Complaint.

103. Deny the allegations contained in paragraph 98 of the Complaint.

104. Deny the allegations contained in paragraph 99 of the Complaint.

105. Deny the allegations contained in paragraph 100 of the Complaint.

## AS AND FOR AN ANSWER TO "AND AS FOR A FIFTH COUNT
## FALSE IMPRISONMENT (PENDENT STATE CLAIM)"

106. Responding to paragraph 101 of the Complaint, Defendants repeat and reassert the responses contained in paragraphs 1 through 105 above as if the same were more fully set forth at length herein.

107. Deny the allegations contained in paragraph 102 of the Complaint.

108. Deny the allegations contained in paragraph 103 of the Complaint.

109. Deny the allegations contained in paragraph 104 of the Complaint.

110. Deny the allegations contained in paragraph 105 of the Complaint.

111. Deny the allegations contained in paragraph 106 of the Complaint.

112. Deny the allegations contained in paragraph 107 of the Complaint.

## AS AND FOR AN ANSWER TO "AND AS FOR A SIXTH COUNT
## FALSE ARREST (PENDENT STATE CLAIM)"

113. Responding to paragraph 108 of the Complaint, Defendants repeat and reassert the responses contained in paragraphs 1 through 112 above as if the same were more fully set forth at length herein.

114. Deny the allegations contained in paragraph 109 of the Complaint.

115. Deny the allegations contained in paragraph 110 of the Complaint.

116. Deny the allegations contained in paragraph 111 of the Complaint.

## AS AND FOR AN ANSWER TO "AND AS FOR A SEVENTH COUNT
## ABUSE OF PROCESS (PENDENT STATE CLAIM)"

117. Responding to paragraph 112 of the Complaint, Defendants repeat and reassert the responses contained in paragraphs 1 through 116 above as if the same were more fully set forth at length herein.

118. Deny the allegations contained in paragraph 113 of the Complaint.

119. Deny the allegations contained in paragraph 114 of the Complaint.

120. Deny the allegations contained in paragraph 115 of the Complaint.

### AS AND FOR AN ANSWER TO "AND AS FOR AN EIGHTH COUNT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (PENDENT STATE CLAIM)"

121. Responding to paragraph 116 of the Complaint, Defendants repeat and reassert the responses contained in paragraphs 1 through 120 above as if the same were more fully set forth at length herein.

122. Deny the allegations contained in paragraph 117 of the Complaint.

123. Deny the allegations contained in paragraph 118 of the Complaint.

124. Deny the allegations contained in paragraph 119 of the Complaint.

125. Deny the allegations contained in paragraph 120 of the Complaint.

### AS AND FOR AN ANSWER TO "AND AS FOR A NINTH COUNT NEGLIGENCE (PENDENT STATE CLAIM)"

126. Responding to paragraph 121 of the Complaint, Defendants repeat and reassert the responses contained in paragraphs 1 through 125 above as if the same were more fully set forth at length herein.

127. Deny the allegations contained in paragraph 122 of the Complaint and respectfully refer all questions of law to the Court.

128. Deny the allegations contained in paragraph 123 of the Complaint.

129. Deny the allegations contained in paragraph 124 of the Complaint.

130. Deny the allegations contained in paragraph 125 of the Complaint.

131. Deny that Plaintiff is entitled to recover damages as claimed in the WHEREFORE clauses and subparagraphs a. through m. thereto.

## **AFFIRMATIVE DEFENSES**

132. Should Plaintiff recover damages as a result of a finding of liability in whole or in part against the Defendants, such recovery should be reduced and diminished in proportion to the degree of comparative negligence and/or fault of Plaintiff in contributing to such damages.

133. If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent, reckless, wrongful, or unlawful conduct of the Plaintiff without any negligence, recklessness, wrongful acts or unlawful conduct on the part of the Defendants, their agents, servants or employees contributing thereto.

134. The alleged acts or omissions of the Defendants were not the proximate cause of any injury or damage incurred by Plaintiff. Any injury or damage incurred by Plaintiff was the result of his own actions, the actions of others not affiliated with the Defendants and/or the superseding intervention of causes outside the control of the Defendants.

135. Plaintiff has not complied with Section 50-e and/or 50-i and/or 50-h of the General Municipal Law of the State of New York.

136. Plaintiff has not complied with Section 52 of the County Law of the State of New York.

137. Plaintiff has failed to mitigate damages in this matter.

138. The Complaint fails to state a cause of action against the Defendants upon which relief can be granted.

139. At all times mentioned in the Complaint and herein mentioned, all employees of the Defendant County of Nassau alleged to have anything to do with the Plaintiff acted in good faith and without malice.

140. The actions complained of were in full accord with the applicable law.

141. The alleged acts of conduct of the named defendants herein, under the case of <u>Monell v. New York City Department of Social Services</u> does not create vicarious liability pursuant to the doctrine of respondeat superior and, consequently, Nassau County cannot be liable for any acts or conduct of any individual defendant herein, as a matter of law.

142. Plaintiff has failed to extinguish all available state and/or administrative remedies and, therefore, is not entitled to institute the within action.

143. Plaintiff's constitutional and statutory rights have not been violated by the Defendants.

144. The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

145. The state law causes of action are barred by the statute of limitations.

146. The Nassau County Police Department is not a suable entity.

147. Punitive damages may not be recovered against the County of Nassau as a matter of law.

148. Upon information and belief, the costs incurred or paid by plaintiff, if any, for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, in the past or future, were or will, with reasonable certainly be replaced, paid or indemnified, in whole or in part, from a collateral source of the type

described in CPLR § 4545 and Defendants are entitled to have any award reduced in the amount of such payments.

WHEREFORE, Defendants County of Nassau, Nassau County Police Department, Police Officer Joseph Massaro, Police Officer Jonathan Panuthos, Police Officer Karen O'Brien and Sergeant Thomas Iannucci, demand judgment dismissing the Complaint in its entirety and with prejudice, together with such other and further relief as this Court may deem just and proper.

Dated: Mineola, New York
       April 1, 2016

                                  CARNELL T. FOSKEY
                                  Nassau County Attorney
                                  One West Street
                                  Mineola, New York 11501
                                  Attorney for Defendants, County,
                                  NCPD, Massaro, Panuthos, O'Brien,
                                  and Iannucci

                         By:      /s/
                                  Liora M. Ben-Sorek
                                  Deputy County Attorney
                                  (516) 571-3014

To:    Frederick K. Brewington (Via ECF)
        556 Peninsula Boulevard
        Hempstead, New York 11550
        (516) 489-6959
        Attorney for Plaintiff