UNITED STATES DISTRICT COURT

<u>EASTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| BRIAN PFAIL,<br><br>     Plaintiffs,<br> v.<br><br>COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER JOSEPH MASSARO, in his individual and official capacity, POLICE OFFICER JONATHAN PANUTHOS, in his individual and official capacity, POLICE OFFICER KARN C. O'BRIEN, in her individual and official capacity, SERGEANT THOMAS IANNUCCI, in his individual and official capacity, and JOHN DOES 1-10, in their individual and official capacities,<br><br>     Defendants. | MEMORANDUM & ORDER<br>16-CV-518 (NRM) |

NINA R. MORRISON, United States District Judge:

  A jury awarded Plaintiff Brian Pfail $1,860,000 in compensatory damages and $293,580 in punitive damages against four police officers of the Nassau County Police Department ("NCPD"). On November 13, 2025, this Court denied Defendants' post-trial motions to set aside the verdict or reduce the jury's damages award. ECF No. 173. Plaintiff's counsel now moves for attorney's fees as the prevailing party in the litigation under 42 U.S.C. § 1988. For the reasons that follow, the Court grants Plaintiff's motion in full and awards attorney's fees as requested in Plaintiff's most recent supporting declarations. *See* Reply Dec. of

1

Korenbaum at 3; Reply Dec. of Brewington at 6.[1]

## DISCUSSION

Defendants primarily argue that a number of counsel's time entries in their billing submissions are duplicative and are therefore illegitimate. Opp. at 11–13. However, any purported duplication pointed out by Defendants can be explained by the fact that certain tasks may take — or indeed, require — multiple occasions to complete. *See Pascuiti v. New York Yankees*, 108 F. Supp. 2d 258, 271 n.5 (S.D.N.Y. 2000) ("The Yankees include in this category allegedly duplicative entries . . . . But the examples cited by the Yankees are tasks that simply might have taken two occasions to complete, such as reviewing photos or preparing a file memo."); *Etna Prods. Co. Inc. v. Q Mktg. Grp., Ltd.*, No. 03-CV-3805 (SAS), 2005 WL 2254465, at *4 (S.D.N.Y. June 6, 2005) ("There also is no basis for the Defendants' contention that Etna should be denied fees in instances where an attorney performed the same task over the course of several days."). In addition, while some of the descriptions for these entries may be vague, "when viewed in the context of other work performed around the same time, the ambiguity of many of the challenged entries disappears." *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 540 (S.D.N.Y. 2008).

Defendants also claim that Plaintiff cannot recover fees for work associated with media relations. Opp. at 14–15. Courts indeed "generally require that [media relations] work be 'directly and intimately related to the successful representation

---

[1] All references to page numbers use the pagination provided by the Electronic Case Filing system.

2

of [the] client'" to be compensable as attorney's fees. *Small v. New York City Transit Auth.*, 2014 WL 1236619, at *8 (E.D.N.Y. Mar. 25, 2014) (second alteration in original) (quoting *Davis v. City and Cnty. of San Francisco,* 976 F.2d 1536, 1545 (9th Cir. 1992)). "However, there is precedent for awarding fees for media work, as informing the public about court proceedings is often necessary to fully vindicate the public interest implicated by the case." *Rodriguez ex rel. Kelly v. McLoughlin*, 84 F. Supp. 2d 417, 425 n.7 (S.D.N.Y. 1999). For example, the court exercised its discretion to award such fees in *Rodriguez* after a jury awarded the plaintiff $50,002 against a foster care service who unlawfully removed a child from his foster mother's care. *Id.* at 419; *see Rodriguez v. McLoughlin*, 49 F. Supp. 2d 186, 189–92 (S.D.N.Y. 1999). Similar public interests are implicated here, where a jury found that four officers of the NCPD engaged in numerous violations of state and federal law, and Plaintiff alleged that he suffered serious physical and emotional injuries at the hands of these officers that may persist for the rest of his life. Further, Plaintiff's counsel's entries related to public relations pointed out by Defendants represents only 5.2 hours of work, Opp. at 15, out of a total of 840 hours in compensable attorney time spent on the litigation over nine years, Reply Ex. 3 at 87. The Court finds that "the comparatively few hours" spent on media relations are reasonable and compensable. *U.S. Football League v. Nat'l Football League*, 704 F. Supp. 474, 482 (S.D.N.Y. 1989), *aff'd*, 887 F.2d 408 (2d Cir. 1989).

     Defendants also raise objections to Plaintiff's entries related to travel time and time spent on the retention of one of Plaintiff's experts, Opp. at 9, 11–12, but

3

Plaintiff's counsel has already agreed to reduce his requested fees in accordance with those objections, Reply Dec. of Brewington at 5–6.

None of Defendants' remaining challenges have merit. Accordingly, the Court grants Plaintiff's motion for attorney's fees, as revised in their Reply, in full. Plaintiff is awarded attorney's fees and discretionary costs in the total amount of $425,665.53 — $372,645.53 for the Law Offices of Frederick K. Brewington, and $53,020 for Scott A. Korenbaum.[2]

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:    December 3, 2025
         Brooklyn, New York

---

[2] Plaintiff's Reply states that the total compensation amount is $425,555.53, rather than $425,665.53. Reply at 15. However, Plaintiff provides a breakdown of the individual amounts that make up that total, and those amounts add up to $425,665.53. *Id.*; *see* Reply Dec. of Brewington at 6; Reply Dec. of Korenbaum at 3. The Court thus awards $425,665.53.